IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03239-BNB

PAUL HUGGINS, Prophet Evangel Dr. Rev.,

    Plaintiff,

v.

SUPREME COURT OF THE UNITED STATES,
PRESIDENT OF THE UNITED STATES,
UNITED STATES CONGRESS,
COLORADO DEPARTMENT OF CORRECTIONS,
STATE OF COLORADO,
UNITED STATES ATTORNEY GENERAL,
UNITED STATES ATTORNEY, and
COLORADO SUPREME COURT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Paul Huggins, currently resides in Denver, Colorado. Mr. Huggins, acting *pro se*, initiated this action by filing a civil complaint. The Court must construe the Complaint liberally because Mr. Huggins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Huggins will be ordered to file an Amended Complaint.

    The Court has reviewed the Complaint and has determined that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Huggins' claims for the most part are unintelligible. He fails to set forth a short and plain statement of the grounds on which the Court's jurisdiction depends or the basis for relief. Mr. Huggins must submit a pleading that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that although the Complaint does not meet the requirements of Fed. R. Civ. P. 8

Mr. Huggins should be given an opportunity to file an Amended Complaint.

Mr. Huggins is instructed that to state a claim in this Court he must state with specificity what each named Defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that, **within thirty days from the date of this Order**, Mr. Huggins file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Mr. Huggins shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Huggins fails within the time allowed to file an Amended Complaint that complies with this Order, the action will be dismissed without further notice.

DATED December 19, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge